UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW MCNEALY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-00583-CMS |
| | ) |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM, AND ORDER**

This matter is before the Court on Defendant City of St. Louis's ("City" ) Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 (Doc. 40) on Count I. This Court **GRANTS** City's Motion for Summary Judgment on Count I. Because the Court grants said motion, City's Motion to Stay Discovery Related to Count I Against City (Doc. 43) is DENIED as moot.

**FACTUAL AND PROCEDURAL HISTORY**

**The Allegations in Plaintiff's Complaint**

On July 2, 2022, Plaintiff was incarcerated in the St. Louis City Justice Center on a misdemeanor count of domestic violence. (Doc. 10 at 4). Plaintiff alleged that he has a history of mental and emotional disorders, for which the City had previously confined him in a special needs unit. (Doc. 10 at 4). Another inmate, Andy Watson, had a history of violence such that the City had designated him to be segregated from other inmates. (Doc. 10 at 4). Despite this standing order, at some point Plaintiff was placed in a cell with Watson. (Doc. 10 at 4). On the night of July 2, 2022, Officer Jaclyn Rattler was on duty monitoring the housing unit when Plaintiff and Watson began to argue. They called out to Officer Rattler to separate them before

1

the situation escalated, but she ignored them. (Doc. 10 at 5). Watson then proceeded to beat, kick, and stomp Plaintiff in the head and body to the point of unconsciousness and hypoxia. (Doc. 10 at 5-6). Officer Rattler did not respond to the cell but eventually issued a radio broadcast for officer assistance. (Doc. 10 at 5-6). She did not call for medical assistance. (Doc. 10 at 6). Other officers responded and found Officer Rattler at her podium doing paperwork. (Doc. 10 at 6). Upon arrival to the cell, the responding officers called for medical assistance. (Doc. 10 at 6). Plaintiff was taken to the hospital, where he was diagnosed with a massive brain injury and placed on a respirator in a vegetative state in the intensive care unit. (Doc. 10 at 6). He spent over three months in the hospital and suffered permanent physical and cognitive impairments. (Doc. 10 at 6). He has significant vision loss and severe neurological and motor deficiencies such that he cannot walk, dress, or use the toilet without assistance. (Doc. 10 at 6). He also sustained injuries to his spine, torso, and extremities, causing pain and functional limitations. (Doc. 10 at 6).

On February 27, 2024, Plaintiff filed suit against Defendants City; Jennifer Clemons-Abdullah, the superintendent of the City Justice Center; and Jaclyn Rattler in St. Louis City Circuit Court. On April 24, 2024, Defendants removed this case to this Court. As relevant to this Memorandum and Order, Plaintiff's Count I pleaded a state-law negligent claim against City. (Doc. 10 at 7). Count I alleged that the City, "acting through its employees and agents," were negligent, and that these "acts and omissions" were the "direct and proximate cause" of Plaintiff's injuries. (Doc. 10 at 8-12). Plaintiff also alleged that City "has purchased liability insurance that would provide coverage to it and its employees for [Plaintiff's claims]." (Doc. 10 at 12). The complaint also stated that the City "funds its liability through an insurance program run by the Public Facilities Protection Corporation 'PFCP', a nonprofit corporation funded by

2

[City] to insure the City and its employees from liability for claims such as those being made by Plaintiff." (Doc. 10 at 12). Either or both of these "insuring agreements," Plaintiff claimed, "waive any claim of sovereign immunity" pursuant to RSMo § 537.610(1).

Defendants filed a motion to dismiss the case. (Doc. 18). On Count I, City argued that Plaintiff's Complaint failed to "allege facts which plausibly show that City purchased a liability insurance policy" that covered Plaintiff's claim. (Doc. 23 at 4). Similarly, City argued that the PFCP is not an insurance policy sufficient to establish that City waived sovereign immunity. Accepting all of Plaintiff's allegations as true, Senior District Judge John A. Ross denied Defendants' motion to dismiss as to Count I, but dismissed all other counts as to City. (Doc. 32).

## City's Motion for Summary Judgment

City now moves for summary judgment on the ground of sovereign immunity. (Doc. 40). Along with its motion and memorandum in support, City filed a Statement of Material Facts. (Doc. 42).

Plaintiff's Response to City's Statement of Material Facts (Doc. 46) did not expressly contradict any of City's factual assertions. For example, City's Statement of Material Facts stated, "City has not purchased any liability insurance policy to cover torts, personal injuries, or other claims that do not arise from dangerous property conditions or the operation of motor vehicles." (Doc. 42 at 1). In support of this statement, City attached and cited an affidavit. (Doc. 42; Ex. A). In his Response, Plaintiff admitted he "has no other information and, thus, cannot fully admit or deny." (Doc. 46 at 1). At other times, Plaintiff simply responded that he "is without sufficient information to admit or deny."

Further, in his two-page Response to City's Motion for Summary Judgment (Doc. 45), Plaintiff admitted that "through the course of discovery [Plaintiff] ha[s] been unable to identify a

specific insurance policy that would provide liability coverage to the City of St. Louis." (Doc. 45 at 1). Thus, Plaintiff expressly took "no position with regard to the Court's granting of summary judgment in regard to Count I, the State claim of negligence against the City of St. Louis." (Doc. 45 at 1).

Defendant's Response to Plaintiff's Statement of Material Facts is not sufficient to controvert a fact at the summary judgment stage. Federal Rule of Civil Procedure 56(c)(1) provides that a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

When a nonmovant claims that it cannot "present facts essential to justify its opposition" to a particular material fact, the nonmovant must file an affidavit or declaration containing "specified reasons" why the nonmovant is unable to controvert that fact. Fed. R. Civ. P. 56(d).

Plaintiff has followed neither of these rules. He has not identified any material in the record that contradicts City's Statement of Material Facts, nor has he claimed that City's evidence does not "establish the …. presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). Moreover, Plaintiff does not support any of his blanket assertions that he is "without sufficient information to admit or deny" City's statements with an accompanying affidavit or declaration. Fed. R. Civ. P. 56(d). Plaintiff seems to concede as much in his Response to City's Motion for

4

Summary Judgment, in which he takes "no position" regarding this Court's granting the motion. (Doc. 45).

For these reasons, Defendant's Statement of Material Facts is deemed admitted in its entirety. See Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may… consider the fact undisputed for purposes of the motion.").

### The Uncontroverted Material Facts

City has not purchased any liability insurance to cover torts, personal injuries, or any other claims that do not arise from dangerous property conditions or the operation of motor vehicles. (Doc. 42 at 1). "The Office of the Register has no record of any City Ordinance duly enacted by the City's Board of Alderman that purports to adopt a plan of self-insurance providing liability coverage" that would cover Plaintiff's negligence claim. (Doc. 42 at 1). There is also no record of any ordinance enacted by the City Board of Alderman that purports to purchase or obtain insurance from PFPC, and the Office of the Register has no record of any contract between City, PFPC, or any insurance provider that provides liability coverage for tort claims asserted against City or its employees. (Doc. 42 at 1).

### ANALYSIS

### Summary Judgment Standard

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A party moving for summary judgment bears the burden of demonstrating that no genuine issue exists as to any material fact. *Id.* at 323. A dispute is genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The moving party can satisfy its burden in either of two ways: it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial." *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018) (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000)).

When the moving party meets this burden, "the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Liberty Lobby, Inc.*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). The "party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 256 (quoting Fed. R. Civ. P. 56(e)). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

Because Plaintiff wholly failed to counter City's Statement of Material Facts pursuant to Rule 56, all of City's uncontroverted material facts supported by the record are deemed admitted. *See* Fed. R. Civ. P. 56(e). The Court has independently verified that all of City's factual assertions are supported by the attached exhibits and the record.

**City is Entitled to Summary Judgment Based on Sovereign Immunity.**

In Missouri, "in the absence of an express statutory exception to sovereign immunity, or a recognized common law exception ..., sovereign immunity is the rule and applies to all suits against public entities." *Poke v. Independence Sch. Dist.*, 647 S.W.3d 18, 21 (Mo. 2022) (en banc) (quoting *Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913,

6

921-22 (Mo. 2016) (en banc)). "To overcome the general rule of sovereign immunity, it must be shown that the legislature expressly intended to waive sovereign immunity." *Id.* (citing *Bachtel v. Miller Cnty. Nursing Home Dist.*, 110 S.W.3d 799, 804 (Mo. 2003) (en banc)). To that end, statutes governing a waiver of sovereign immunity "must be strictly construed." *State ex rel. Mo. Highway Transp. Com'n v. Dierker*, 961 S.W.2d 58, 61 (Mo. 1998) (citing *Richardson v. State Highway and Transp. Comm'n*, 863 S.W.2d 876, 882 (Mo. 1993) (en banc); *Bartley v. Special Sch. Dist. of St. Louis Cnty.*, 649 S.W.2d 864, 868 (Mo. 1983) (en banc)).

Municipalities are entitled to sovereign immunity while engaged in the exercise of "governmental functions – those performed for the common good." *Southers v. City of Farmington*, 263 S.W.3d 603, 609 (Mo. 2008) (en banc) (citing *Jungerman v. City of Raytown*, 925 S.W.2d 202, 204 (Mo. 1996) (en banc)). The supervision of a jail and its inmates is a governmental function. *See Brown v. City of Craig*, 168 S.W.2d 1080, 1082 (Mo. 1943); *see also Jungerman*, 925 S.W.2d at 205 ("If, like the police function, an activity is governmental, then the exceptions to governmental immunity must be considered.").

Here, Plaintiff and City agree that the applicability of sovereign immunity hinges on whether City has liability insurance that covers Plaintiff's claim. A municipality may waive sovereign immunity "by either purchasing insurance or by adopting a self-insurance plan for those claims." *Hendrix v. City of St. Louis*, 636 S.W.3d 889, 900 (Mo. App. 2021) (citing *A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628, 635 (Mo. App. 2016)); *see* RSMo § 71.185 (mandating that Missouri municipalities are liable "as in other cases of torts for property damage and personal injuries including death suffered by third persons while the municipality is engaged in the exercise of the governmental functions to the extent of the insurance so carried."). A court "will construe any such waiver narrowly; that is, the extent of the waiver is 'expressly dictated

7

and limited, by the terms of the insurance policy.'" *A.F. v. Hazelwood Sch. Dist.*, 491 S.W.3d 628, 635 (Mo. App. 2016) (quoting *Topps v. City of Country Club Hills*, 272 S.W.3d 409, 415 (Mo. App. 2008)).

Here, the uncontroverted material facts establish that City "has not purchased any liability insurance policy to cover torts, personal injuries, or any other claims that do not arise from dangerous property conditions." (Doc. 42 at 1). This assertion is supported by the affidavit of Michael Garvin, City's Interim City Counselor. It is also uncontroverted that City's Board of Alderman has not adopted a plan of self-insurance. (Doc. 42 at 1). Similarly, the uncontroverted material facts also establish that no insurance contract exists between City and PFPC. (Doc. 42 at 1; Doc. 42-2 at 1). Because there is no genuine dispute that the City has not purchased insurance or adopted a self-insurance plan for Plaintiff's claim, City is entitled to summary judgment on Count I based on sovereign immunity.

Both the Missouri Court of Appeals and the Eighth Circuit have affirmed summary judgment for City on similar records in other cases. In *Hendrix*, the City produced an affidavit stating it "does not have self-insurance or liability insurance for" the plaintiff's claims. 636 S.W.3d at 901. In response, the plaintiff attempted to controvert this statement with the PFPC's articles of incorporation, its bylaws, a document entitled "City of St. Louis Risk Management Program," a screenshot from City's website describing PFPC as City's "self-insurance program," and a letter from City's attorney to a City Alderwoman stating that PFPC's purpose was to "insure the City against all claims" and that it can "properly be thought to be self-insurance." *Id.* The Missouri Court of Appeals held that these documents were not sufficient to create a genuine dispute of material fact as to whether City had insurance or whether it had adopted a self-

8

insurance plan. *Id.; see also Torres v. City of St. Louis*, 39 F.4th 494, 510 (8th Cir. 2022) (following *Hendrix* on "evidence nearly identical to that included in the present record").

Unlike *Hendrix* and *Torres*, Plaintiff here has produced no evidence at the summary judgment stage in response to City's assertions that it does not have insurance for Plaintiff's claims and has not adopted a self-insurance plan for Plaintiff's claims. Instead, Plaintiff concedes those facts and essentially does not oppose City's Motion for Summary Judgment.

## CONCLUSION

City's Motion for Summary Judgment (Doc.40) is **GRANTED.** Count I, the only remaining count as to City, is DISMISSED WITH PREJUDICE. Because Count I is DISMISSED WITH PREJUDICE, City's Motion to Stay Discovery Related to Count I Against City (Doc. 43) is **DENIED** as moot. An appropriate Judgment shall accompany this Opinion, Memorandum, and Order.

Dated this 2nd day of December, 2025.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE